UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANNIE D. HAYES,

    on behalf of herself and
    others similarly situated,
v.                                          JURY TRIAL DEMANDED

KASS SHULER, P.A.,

                                                  CASE NO.: 3:11-cv-752-MMH-JBT
    Defendant.               /

**CLASS PLAINTIFF ANNIE D. HAYES'S OPPOSITION TO MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, ANNIE D. HAYES, on behalf of herself and all others similarly situated, by and through her undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure and Local Rules 3.01 and 4.04, files this Opposition to Defendant KASS SHULER, P.A.'s Motion to Dismiss (Doc. 13; "Motion") and states that it should be denied in its entirety. In support thereof, Ms. Hayes relies upon the record of this case as well as the law and argument presented below.

    **I.**    **FACTS ALLEGED IN THE CLASS COMPLAINT**

Plaintiff Annie D. Hayes, on behalf of herself and all others similarly situated, brought claims against Defendant Kass Shuler, P.A. F/K/A Kass Shuler Solomon Spector Foyle Singer, P.A. ("Kass") for declaratory and injunctive relief and damages. Class Action Complaint (Doc. 1; "Compl.") at 1. Ms. Hayes and those similarly situated to her are consumers as defined by 15 U.S.C. § 1692a(3) and by § 559.55(2), Fla. Stat. (2010). *Id*. ¶ 45, 51. Defendant Kass is a debt collector as defined by 15 U.S.C. § 1692a(6) and by § 559.55(6), Fla. Stat. (2010). *Id*. ¶ 46, 52. Defendant Kass regularly attempts to collect debts incurred for personal, family or household purposes from consumers on behalf of creditors such as Chase Home Finance, LLC. *Id*. ¶ 4.

Defendant Kass sent Ms. Hayes three separate letters seeking to collect an alleged debt due for a loan purportedly held by Chase Home Finance, LLC. *Id.* ¶ 6, 14, 21 and Exhs. A, B and C (the "Kass Letters"). The alleged debt due from Ms. Hayes was incurred for personal, family, or household purposes. *Id.* ¶ 7. Two of the Kass Letters stated: "the following amounts **must be paid by the date specified to cure the default and reinstate your loan** . . ." *Id.* ¶ 11, 18, Exh. A at 1 and Exh. B at 1 (emphasis added). The third letter stated: "the following amounts are necessary **to pay off your loan** . . ." *Id.* ¶ 25, Exh. C at 1 (emphasis added).

In addition to payments and late charges due on the debt, the Kass Letters claimed estimated foreclosure costs, attorney's fees, corporate advances, miscellaneous fees and forecasted late charges were currently due from Ms. Hayes pursuant to the loan. *Id.* ¶ 10, 17, 24 and Exhs. A, B and C. The Kass Letters demanded Ms. Hayes pay these estimated fees and costs in addition to the payments due under the terms of the loan in order to cure the default and reinstate or payoff her loan. *Id.* ¶ 11, 18, 25.

Further, Defendant Kass asserted that there was a pending foreclosure and only upon receipt of payment and clearance of funds in the amount demanded "will the case be dismissed as required by law." *Id.* ¶ 12, 19, 26 and Exhs. A, B and C. However, at the time Ms. Hayes received the Kass Letters no foreclosure action was pending against her. *Id.* ¶ 13, 20, 27.

Defendant Kass regularly sent letters in the form of the Kass Letters to Florida consumers such as Ms. Hayes. *Id.* ¶ 28. It is or was its policy and practice to send standardized letters in the form of Exhibits A, B and C to Florida consumers which overstate the amount due by including unearned attorney's fees, numerous estimated and unearned costs and advances. *Id.* ¶ 29. It was the policy and practice of Defendant Kass to send standardized letters in the form of Exhibits A, B and C to Florida consumers which asserted a foreclosure action was pending against them when in fact

there was no pending foreclosure action at the time the letters were sent. *Id.* ¶ 30. It was the policy and practice of Defendant Kass to send standardized letters in the form of Exhibits A, B and C to consumers in Florida which used false or deceptive language to collect or attempt to collect consumer debts. *Id.* ¶ 31.

Defendant's violations of the FDCPA with regard to Ms. Hayes and those similarly situated to her include, but are not limited to, falsely representing the character, amount or legal status of the debt, using false representations or deceptive means in an attempt to collect the debt and attempting to collect amounts not expressly authorized by any agreement or permitted by law. *Id.* ¶ 47. Defendant's violations of the FCCPA include, but are not limited to, claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist, in violation of § 559.72(9), Fla. Stat. (2010). *Id.* ¶ 53. Defendant's actions in collecting or attempting to collect on the alleged debts of Ms. Hayes and those similarly situated to her were not taken in good faith because the Defendant knew that the amount demanded included estimates and other costs and fees which had not yet been incurred and Defendant knew there was no litigation pending when it sent the Kass Letters *Id.* ¶ 54.

Ms. Hayes, on her own behalf and on behalf of those similarly situated, seeks a declaration that Defendant Kass's actions were unlawful pursuant to the FDCPA and the FCCPA as well as damages, reasonable attorney's fees and the costs of this action as permitted by law.

## II. **LEGAL STANDARD**

A complaint is required to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the defendant with "fair notice" of the claim and its basis. FED.R.CIV.P. Rule 8(2)(a). The United States Supreme Court's ruling in *Bell Atlantic Corp. v.*

3

*Twombly* did not change this Rule 8 pleading standard. *See* 127 S.Ct. 1955, 1964 (2007), *citing* FED.R.CIV.P. Rule 8(2)(a). When ruling on a Rule 12(b)(6) motion to dismiss, the allegations in the complaint are construed in the light most favorable to the plaintiff, taking all facts as true, and drawing all inferences in favor of the plaintiff. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir.2006). The exhibits to the complaint may be considered by the Court on a motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.2d 1228, 1230 (11th Cir. 2000). The allegations contained in a complaint must supply sufficient factual allegations "to state a claim for relief that is plausible on its face." *Bell Atlantic*, 127 S.Ct. at 1974.

Further, the allegations should be considered as a whole in order to conduct the "context-specific" analysis required to determine whether a claim has been stated. *Ashcroft v. Iqbal*, 127 S.Ct. 1937, 1950 (2008). In performing this analysis, the court draws upon its judicial experience and common sense. *Id*. Because the allegations of the Complaint do sufficiently state claims for which relief may be granted for Ms. Hayes the potential class members against Defendant Kass pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* (2010) ("FCCPA"), the Motion should be denied and this matter allowed to proceed upon its merits.

### III. LEGAL ARGUMENT

#### A. The Letters Sent by Defendant Kass Sought Payment on a Consumer Loan.

Ms. Hayes has asserted claim pursuant to the FDCPA and the FCCPA to address the unlawful actions of Defendant Kass. One of the primary purposes of the FDCPA is the protection of consumers from the abusive tactics of debt collectors. 15 U.S.C. 1692(e). The protections found in the FCCPA are in addition to those in the FDCPA. To the extent there is any inconsistency between these two statutory schemes, the Florida Legislature has stated that one which provides the most

protection to the consumer shall prevail. §559.552, Fla. Stat. (2010). Consumer protection is a core purpose of these laws. When this Court reviews the Kass Letters attached to the Complaint in full rather than the selective phrases highlighted by the Defendant, it will be clear that Ms. Hayes has properly stated her claims.[1]

Defendant Kass argues that "the disputed correspondence never attempted to personally collect money or any other form of payment from the Plaintiff." Motion at 4. However, the plain language of the Kass Letters contradicts this characterization of its own correspondence. The first sentence of two letters sent to Ms. Hayes and the proposed class states the following:

> In response to your request, the following amounts **must be paid by the date specified to cure the default and reinstate your loan** . . .

Compl. ¶ 11, 18, Exh. A at 1 and Exh. B at 1 (emphasis added). The May Pay Off letter stated "Per your request, the following amounts are necessary **to pay off your loan** . . ." Compl. ¶ 25, Exh. C at 1 (emphasis added). The term "loan" in this context means the act of lending; especially, a sum of money lent at interest. BLACK'S LAW DICTIONARY LOAN (9TH ed. 2009) *available at* Westlaw BLACKS. As detailed in the Complaint, Kass overstated the amount due to reinstate Ms. Hayes's loan by including unearned attorney's fees, numerous estimated and unearned costs, advances and miscellaneous costs. Compl. ¶¶ 11, 18 and 25. Viewed from the perspective of the least sophisticated consumer[2] and in the exercise of common sense, these communications were clearly demanding the payment of money for a consumer debt and as such, were subject to the FDCPA and the FCCPA.

---

[1] Defendant Kass has alerted Ms. Hayes of a scrivener's error in paragraph 47(b) of the Complaint. Motion at 2, fn.1. Ms. Hayes respectfully requests that she be permitted to correct this error through an amendment by interlineation so that the FDCPA provision will be reflected as 15 U.S.C. §1692e(10) rather than §1692e(1). No party will be prejudiced by the granting of this request.

[2] The "least sophisticated consumer" standard in analyzing claims under Section 1692e(10) of the FDCPA by the Eleventh Circuit. *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175-1176 (11th Cir.1985). This standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collectors's practices. *Id.*

Defendant's claim that there was no attempt to impose personal liability upon the recipient is inaccurate. *See* Motion at 4, 8-9. The sentence Defendant relies upon reads in its entirety as follows:

> **In the event you have received a bankruptcy discharge, or you are currently in a pending bankruptcy**, this is not an attempt to impose personal liability upon you.[3]

Compl., Exhs. A, B and C at 2 (emphasis added). The text in bold was deleted from the quote contained in the Motion by Defendant Kass. *See* Motion at 4. The exhibits to the Complaint may be considered by the Court on a motion to dismiss and all properly alleged facts must be taken as true. *Grossman*, 225 F.2d at 1230. Further, all inferences from those facts must be drawn in favor of the plaintiff. *Glover*, 459 F.3d at 1308. The opposite inference which can reasonably be drawn from the above-quoted sentence is "in the event you who have not received a bankruptcy discharge or are not in bankruptcy currently, the letter **is** an attempt to impose personal liability upon you." Based Defendant's own words, the letters are attempts to collect a consumer debt where there has been no bankruptcy petition filed. Thus, Defendant's claim that no personal liability was being imposed should be rejected.

Ms. Hayes has alleged that the Kass Letters were sent for the purpose of collecting on consumer debts and that each letter overstated the amount due on the debt by unfairly charging unearned fees and costs and estimated fees in the amount due. Compl. ¶ 6, 14, 21. These allegations are supported by the plain language of the Kass Letters which demand the payment of a sum certain to "reinstate the loan". *Id.*, Exhs. A, B and C at 1. Further, Ms. Hayes alleges that there was no foreclosure proceeding pending when any of the Kass Letters were sent. *Id.* ¶ 13, 20, 27. These factual allegations must be taken as true at this stage and construed in the light most favorable to Ms.

---

3 This boilerplate sentence was likely inserted by Defendant Kass to avoid running afoul of the FDCPA and the Bankruptcy Code by sending collection letters to those whose debts have been discharged in bankruptcy or are in bankruptcy with an automatic stay in place. 15 U.S.C. §1692e(2)(A); *see also Bacelli v MFP, Inc.*, 729 F.Supp.2d 1328, 1332 (M.D.Fla. 2010). The fact that each letter has this same sentence is indicative of a form

6

Hayes. *Glover*, 459 F.3d at 1308. Upon performing this analysis, it is clear that the Kass Letters are debt collection activity governed by the FDCPA and the FCCPA. As a result, the Motion should be denied.

### B. The Kass Letters were not Part of a Mortgage Foreclosure Proceeding

Defendant's attempt to equate its communications with those communications sent in relation to an actual pending foreclosure action, judicial or nonjudicial, should be rejected. *See* Motion at 10-12. Just as Judge Antoon observed, where, in a foreclosure action, a money judgment is sought against the debtor, the FDCPA would apply to the debt collector law firm's actions. *Acosta v. Campbell*, 2006 WL 3804729, * 5 (M.D.Fla. Dec. 22, 2006).[4] Since Defendant Kass is seeking the payment of money from Ms. Hayes in exchange for reinstating her loan, the protections of the FDCPA and the FCCPA apply to its communications which were sent in an effort to collect a debt. *See* Compl. Exhs. A, B and C. Thus, the Motion should be denied.

While Defendant Kass cites numerous cases in an attempt to convince this Court Ms. Hayes's claims should be dismissed, the facts of this case are distinguishable from those cases on a very fundamental level. Ms. Hayes alleges that no foreclosure action was pending at the time any of the Kass Letters were sent. Compl. ¶ 13, 20, 27. This allegation must be taken as true at this stage and as will be shown below, places her claims in a much different context than those cited by Defendant Kass.

---

letter used to demand the payment of money for a consumer debt, not the enforcement of a security interest.
4 The Eleventh Circuit adopted Judge Antoon's opinion in its entirety. *Acosta v. Campbell,* 309 Fed. Appx. 315, 316 (11th Cir. 2009). The Eleventh Circuit expanded upon one issue in its opinion, holding that letters sent between the lawyers of the Acosta's creditors did not violate the FDCPA because they were sent during the pendency of and in relation to the mortgage foreclosure case. *Id*. at 320.

       *1.*    *Distinctions between Cases asserted against a Direct Creditor and the Instant Case*

The most obviously distinguishable cases relied upon by Defendant Kass are those which involved claims asserted against a direct creditor. Specifically, *Groves v. U.S. Bank,* 2011 WL 2192821 (M.D.Fla. June 6, 2011), *Hasbun v. Recontrust Co., N.A.*, 2011 WL 3837158 (S.D.Fla. Aug. 24, 2011) and *Reese v. JPMorgan Chase & Co.*, 686 F.Supp. 2d 1291 (S.D. Fla. 2009) all involve allegations by a debtor that the debtors' direct creditor violated the FDCPA and/or the FCCPA. *Groves*, 2011 WL 2192821, *2-3 (Because U.S. Bank was creditor of plaintiff, no FCCPA claim could be stated as no allegations that U.S. Bank met the definition of debt collector); *Hasbun*, 2011 WL 3837158, *1 (mortgage loan servicers such as defendant are not debt collectors under the FDCPA); *Reese*, 686 F.Supp. 2d at 1307-8, 1311 (Defendants, as debtor's creditor, mortgage servicer or its assignee, are not debt collectors under the FDCPA). Another basis to distinguish *Hasbun* is that it involves the institution of a nonjudicial foreclosure sale pursuant to Tennessee law. *See Hasbun* at *2; *see also* Tennessee Code, Chapter 21(Proceedings in Chancery), Part 8, §21-1-803 (Foreclosure Sale). Tennessee law requires the lender to send notice of right to foreclosure to the debtor prior to its publication of a notice of foreclosure sale to institute a nonjudicial foreclosure. TENN. CODE ANN. § 35-5-101 (West's 2010). Therefore, the questioned communication related solely to the sale of the debt's home. *Hasbun* at *2.

In an attempt to relate these cases to Ms. Hayes's case, Defendant Kass tries to argue that it is not a debt collector under the FDCPA or the FCCPA. *See* Motion at 4. However, Ms. Hayes has alleged that Defendant Kass regularly attempts to collect debts incurred for personal, family or household purposes from consumers on behalf of creditors. Compl. ¶¶ 4, 46. Defendant Kass is clearly not a direct creditor, mortgage servicer or assignee of Ms. Hayes's lender. *See id.*, Exhs. A, B

and C. Defendant Kass sent communications demanding the payment of an amount of money to reinstate Ms. Hayes's loan; however in this case, the amount demanded is wrongfully overstated and thus, violated the law. *See id*. There was no foreclosure action pending at the time the Kass Letters were sent to Ms. Hayes. *Id*. ¶ 13, 20, 27.  The Kass Letters were sent to demand payment on a consumer loan. *See id*. ¶¶ 6, 14, 21. These allegations contained in the Complaint must be taken as true at this stage. *See Glover* at 1308. Ms. Hayes has set forth facts which establish Defendant Kass is a debt collector pursuant to the FDCPA and the FCCPA. *See Sandlin v. Shapiro & Fishman*, 919 F.Supp. 1564, 1567 (M.D.Fla. 1996)(law firm was acting as debt collector when it sent reinstatement and payoff letters which misrepresented amount owed to reinstate or payoff mortgage loan.) As a result, the Motion to Dismiss should be denied.

    2.  *Cases which Actually Involved a Foreclosure Lawsuit*

The other cases cited by Defendant Kass do not support its argument that its actions did not constitute debt collection activity. Based on the allegations contained in the Complaint and its Exhibits, there is no basis to find that Defendant Kass was not engaging in debt collection activity. The Kass Letters clearly demand the payment of money in order to reinstate a consumer loan. Compl. Exhs. A, B and C. Defendant Kass's argument that its actions were not debt collection activity should be rejected, especially when considering the FDCPA and FCCPA's core purpose of consumer protection.

Defendant Kass relies upon *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458 (11th Cir. 2009) to support of its argument. Motion at 10. However, its reliance is misplaced. In *Warren*, Georgia's nonjudicial foreclosure process is at issue. The debtor alleged violations of the FDCPA as a result of Countrywide Home Loans, Inc.'s pursuit of the foreclosure sale of his home without providing the requested validation of the debt. *Warren*, 342 Fed. Appx. 458, at *1 and fn.1.

9

Under Georgia law, nonjudicial mortgage foreclosures are permitted. *See* Title 44, Chapter 14, Article 7 of the Official Code of Georgia. Once a nonjudicial foreclosure sale has been completed, the creditor may not seek money damages by way of a deficiency judgment until after the sale has been confirmed by the superior court. O.C.G.A. § 44-14-161. Thus, under Georgia law there is a clear delineation between the proceedings exclusively to foreclose on a security interest and a request for the payment of a debt. In *Warren*, *t*he act of conducting the nonjudicial foreclosure sale was the enforcement of a security interest by the holder of that interest under Georgia law. *Warren* at \*2. The actions taken by Defendant Kass are much different from the sale of a debtor's home by the holder of the security interest as in *Warren*. Here, Defendant Kass, not the holder of the security interest, was attempting to collect money on the debt held by its client. Compl. ¶ 6, 14, 21. As a result, the holding in *Warren* does not support the argument that Defendant Kass was not acting as a debt collector when it sent the Kass Letters.

*Birster v. American Home Mortgage Servicing, Inc.*, 2011 WL 2678927 (S.D.Fla. July 7, 2011) further illustrates the difference between the enforcement of a security interest and the debt collection activities undertaken by Defendant Kass. In *Birster*, the claimed violations of the FDCPA by the mortgage servicer specifically related to the sale of the property which had been ordered in the foreclosure action. 2011 WL 2678927, \*3. As stated by the *Birster* Court, where "the conduct at issue is **the act of filing a foreclosure action or communications and conduct subsequent to the filing of the foreclosure**, . . ." the FDCPA had limited applicability. *Id*. (emphasis added).

The Kass Letters do not fall under either of the categories of conduct described by the *Birster* Court. Ms. Hayes has alleged that there was no a foreclosure action filed at the time the Kass Letters were sent. Compl. ¶ 13, 20, 27. Furthermore, the Kass Letters specifically demand the payment of money to reinstate Ms. Hayes's loan. *Id*. ¶ 6, 14, 21. Based on the holding in *Birster*, Defendant Kass

10

was engaged in debt collection activity and thus, Ms. Hayes and the proposed class are entitled to the full protections of the FDCPA and the FCCPA.

The *Acosta* case does not support Defendant Kass's arguments either. In *Acosta,* the debtor asserted that the law firm representing the lender violated the FDCPA because it continued to prosecute the foreclosure action despite receiving notice disputing the debt and requesting validation of the debt. *Acosta*, 2006 WL 3804729, *3 (M.D.Fla. 2006). The debtor's claims were dismissed because the lawsuit itself was not debt collection activity. *Id*. at *4; *but see Jerman v. Carlisle, McNealy, Rani, Kramer & Ulrich, L.A.,* 130 S.Ct. 1605 (2010) (Consumer permitted to pursue FDCPA claims based solely on the language contained in a letter served with the foreclosure complaint by defendant law firm.) However, the *Acosta* Court stated that if the law firm was seeking a money judgment against the debtors, it would be subject to the FDCPA. *Acosta*, 2006 WL 3804729, *5.

Ms. Hayes does not allege that Defendant Kass filed a lawsuit to foreclose; in fact, she asserts that no foreclosure action has been filed. *See* Compl. ¶13, 20, 27. Ms. Hayes has alleged that Defendant Kass was attempting to collect money on a consumer debt. *Id*. ¶ 6, 14, 21. Thus, the *Acosta* court's recognition that the FDCPA still applies to actions taken to attempt to collect money, even in the context of a foreclosure lawsuit, supports Ms. Hayes's FDCPA and FCCPA claims since she has alleged that Defendant Kass was seeking the payment of money on her loan in its letters. *See id*.

Defendant Kass states what appears to be the Eleventh Circuit's "express holding" in *Acosta* opinion in a further attempt to equate its actions with those of the defendant law firm in *Acosta*. *See* Motion at 10-11. However, a full reading of the referenced statement shows that Defendant Kass's

11

efforts should be rejected. The Eleventh Circuit stated:

> Based on our holding in *Vega,* that a foreclosure package including a FDCPA notice is not an "initial communication," under 15 U.S.C. § 1692g, it follows that a communication made by the a [sic] **party in a foreclosure action or its counsel regarding the foreclosure action** is not a "communication" under 15 U.S.C. § 1692c(b).

*Acosta*, 309 Fed. Appx. at 320 (emphasis added). Common sense informs the reader that the Eleventh Circuit is referring to a then pending foreclosure action, not a non-existent one as in the instant case. Defendant Kass's communications were not sent in relation to a presently pending foreclosure action and were simply demands for the payment of money on a consumer debt which overstated the amounts required to reinstate Ms. Hayes's loan. *See* Compl. ¶¶ 6-28. The *Acosta* opinion simply does not support Defendant Kass's position that its actions were not debt collection activity and its arguments based upon *Acosta* should be rejected.

Defendant Kass cites to *Robb v. Rahi Real Estate Holdings, L.L.C.,* 2011 WL 2149941 (S.D. Fla. May 23, 2011) for the proposition that pre-suit letters are not within the scope of the FDCPA. Motion at 11. However, the pro se plaintiffs in *Robb* alleged FDCPA violations based upon the pre-suit letters as well as the filing of the foreclosure action. *Robb,* 2011 WL 2149941, at *1. Further, there is little factual discussion regarding the substance of the pre-suit letters other than they were debt collection letters. *Id*. Because the pro se plaintiffs raised the filing of the mortgage foreclosure as the FDCPA violation, the *Robb* facts fit the mold of the *Acosta* case. *See Acosta*, 2006 WL 3804729 at *4; *contra Jerman supra;* <u>Gburek v. Litton Loan Servicing, LP</u>, 614 F. 3d 380 (7th Cir. 2010) (letter sent offering to try to work out alternative to foreclosure was a communication in connection with collection of a debt even though mortgage servicer was not asking for money); <u>Wilson v. Draper & Goldberg, P.L.L.C.</u>, 443 F.3d 373 (4th Cir. 2006) (consumer's "debt" remained a "debt"even after foreclosure proceedings commenced, rejecting the law firm's argument that

foreclosure proceeding is not the "enforcement of an obligation to pay money or a 'debt'" but is merely the termination of the debtor's equity of redemption relating to the debtor's property). As a result, the *Robb* case is distinguishable from the instant case since no foreclosure action was pending at the time the Kass Letters were sent. Compl. ¶ ¶ 13, 20, 27.

The pre-suit letters in the instant case should be analyzed as in *Trent v. Mortgage Electronic Registration Systems, Inc.,* 618 F.Supp. 2d 1356 (M. D. Fla. 2007). Defendant Kass cites this case in support of its arguments. Motion at 12-3. However, the analysis performed in the *Trent* case actually supports Ms. Hayes's position that her claims should proceed. In *Trent*, the plaintiffs specifically limited their claims under the FCCPA to the pre-suit letters sent by the attorneys for Mortgage Electronic Registration Systems, Inc. ("MERS"). *Trent*, 618 F.Supp. 2d at 1359. The *Trent* Court stated the main issue to be decided in the case was whether the pre-suit letters sent by MERS's attorney in which MERS was identified as the "creditor" were abusive and deceptive pursuant to the FCCPA as alleged. *Id*. at 1360. Similarly, Ms. Hayes's claims pertain to the misrepresentations contained in pre-suit letters which are alleged to violate the FDCPA and the FCCPA. Compl. ¶ 13, 20, 27.

The *Trent* Court did not dismiss the plaintiff's claims because it found the pre-suit letters were part of a mortgage foreclosure action as Defendant Kass urges this court to do. *See Trent,* 618 F.Supp. 2d at 1360-62. Instead, the *Trent* Court dismissed the plaintiff's FCCPA claims because there was nothing abusive or deceptive in the pre-suit letters. *Id.* at 1362-64. The analysis undertaken by the *Trent* Court involved looking at the nature of the communications, not the context of the collection efforts. *See id.* at 1361-64. The *Trent* Court held it was not deceptive or abusive for MERS

to call itself a creditor but rather a harmless mistake in nomenclature. *Id.* at 1363.[5]

The *Trent* decision supports Ms. Hayes's position that the Kass Letters are actionable and that the allegations in the Complaint do sufficiently state a cause of action against Defendant Kass when the nature of the communications is analyzed in the same manner as the *Trent* Court. Ms. Hayes has alleged that:

- Defendant Kass is a debt collector pursuant to the FDCPA and the FCCPA. Compl. ¶ 4, 46, 52.

- Ms. Hayes is consumers and the alleged debt involved was consumer debt. *Id.* ¶ 7, 45, 51.

- The Kass Letters were sent seeking payment on a debt from Ms. Hayes. *Id.* ¶ 6, 14, 21.

- The Kass Letters unfairly stated the amount due through its demand for payment of unearned attorney's fees, numerous estimated and unearned costs and, advances and miscellaneous costs. *Id.* ¶ 11, 18, 25, 48, 54.

- The Kass Letters misrepresented the nature and status of the debt by asserting a foreclosure action was pending when no foreclosure action had been filed; *Id.* ¶ 13, 20, 27, 48, 54.

- Through the Kass Letters, Defendant Kass knowingly used false or deceptive means to collect or attempt to collect consumer debts. *Id.* ¶ 54.

These allegations must be taken as true and all inferences from these facts drawn in Ms. Hayes's favor. *Glover,* 459 F.3d at 1308. Following the *Trent* analysis, this Court should review the nature of the pre-suit letters in relation to the alleged violations. Upon conducting this analysis, the Court will find that Ms. Hayes has properly stated her claims pursuant to the FDCPA and the FCCPA. The actions of Defendant Kass are the types of deceptive and misleading conduct the laws were designed

---

5 Judge Corrigan did review cases supporting an argument that a foreclosure lawsuit is not debt collection, however, the cases reviewed were all decided prior to the United States Supreme Court's 2010 decision in *Jerman*. *Trent*, 618 F.Supp. 2d at 1360-61. Further, in the instant letters Kass was seeking money, not attempting to enforce a security interest or filing a lawsuit. Compl. ¶ 6, 13, 14, 20, 21, 27.

to protect consumers against. As a result, the Motion to Dismiss must be denied. This case should proceed on the merits to permit the jury to determine whether the alleged violations of the FDCPA and the FCCPA have occurred.

Defendant Kass complains that Ms. Hayes has not attached the mortgage to the Complaint so this Court cannot reach any determination as to whether the amounts claimed due were proper. Motion at 5, fn.2. As an initial matter, the merits of Ms. Hayes's claims are not at issue on a motion to dismiss; it is the sufficiency of the Complaint that is at issue. *See Bell Atlantic*, 127 S.Ct. at 1976. The issue before the Court is whether Ms. Hayes's Complaint contains a short plain statement of her claims showing that she is entitled to the relief requested. FED. R.CIV. P. 8. Here, Ms. Hayes claims the Kass Letters violate the FDCPA and the FCCPA due to the false representations of the character, amount, or legal status of the debt, the use of any false representation or deceptive means in an attempt to collect a debt, the collection of any amount that is not expressly authorized by the agreement creating the debt or permitted by law and claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist. Compl., ¶ 47, 53. In support of her claims, Ms. Hayes has alleged that Defendant Kass sought estimated foreclosure costs, attorney's fees of varying amounts and other costs not yet incurred. *Id*., ¶ 10, 17, 24. It is clear from the factual allegations contained in the Complaint, when taken as true and read as a whole, that the "forecasted" amounts and the "estimated foreclosure costs" were not currently due. If the cost was estimated or forecasted, it means the amount was a guess and not yet incurred. Otherwise it would have been stated with certainty.

Ms. Hayes has also alleged and Defendant Kass has apparently conceded that there was no mortgage foreclosure action pending at any time. Compl. ¶¶ 13, 20 and 27; *see* Motion at 5, fn.2.

15

Defendant Kass is alleged to have misrepresented the status of her loan by stating a foreclosure proceeding was pending when in fact, there was no foreclosure proceeding filed at all. *Id*., ¶ 12, 13, 20, 21, 26, 27. To be clear, Ms. Hayes has never contended that "the foreclosure action should have preceded the payoff and reinstatement correspondence" as asserted by Defendant Kass. *See* Motion at 5, fn.2. Ms. Hayes has simply alleged the facts as they truly were at the time the Kass Letters were sent. Thus, the inclusion of foreclosure costs to reinstate her loan was unlawful and unfair since those costs were not yet incurred or due. As a result, Defendant's violations of the FDCPA and the FCCPA are clear on the face of the documents attached to the Complaint. The allegations of the Complaint when taken as true and construed in the light most favorable to Ms. Hayes do state claims pursuant to the FDCPA and the FCCPA upon which relief can be granted and the Motion should be denied.

Defendant Kass claims that since it stated "In response to your request" in the Kass Letters, it could not have violated the FDCPA or the FCCPA. Motion at 5. Apparently, Defendant Kass believes that if a debt collector is responding to a consumer's request, it can add estimated costs and charges not yet incurred with impunity. Defendant Kass is mistaken. A communication under the FDCPA and the FCCPA means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2); § 559.55(5), Fla. Stat. (2010). There is no "safe harbor" from these consumer protection statutes simply because the debt collector is responding to a consumer's inquiry. The debt collector cannot demand payment for amounts which are not due, estimated costs for an action which has not occurred or mischaracterize the debt in response to an inquiry and avoid prosecution for FDCPA and FCCPA violations. Thus, Defendant Kass's argument on this issue should be rejected.

### C.   Any Passing Reference to a Mortgage is Overshadowed by the Demand for Payment.

In order to avoid the impact of the bold face type which demanded payment from Ms. Hayes for the "Grand Total Due" appearing on the first page of the Kass Letters, Defendant Kass points to one reference to the mortgage on the second page of its letters to transform its demands to solely the enforcement of a security interest in Ms. Hayes's home. *See* Motion at 5. However, any possible inference created by this one sentence that the enforcement of a security interest was at issue is totally overshadowed by the demand for the payment of money when the Kass Letters are reviewed as a whole.

The Kass Letters open with the statement "the following amounts must be paid in order by the date specified to cure the default and reinstate your loan. . ." Compl. Exhs. A, B and C at 1. The first page is dominated by a table which lists numerous expenses, fees and costs which Defendant Kass states must be paid by Ms. Hayes. *Id.* Specific instructions on the form of payment, payee and payment address are in bold type and underlined. *Id.* The second page of the Kass Letters is dominated by a signature block containing the names of eighteen (18) lawyers, all identified as attorneys for Plaintiff. The standard to be employed is the effect of the debt collector's communications upon the least sophisticated consumer. *Jeter,* 760 F.2d at 1175-1176. Defendant Kass cannot change the nature of its demand for the payment of money by inserting a few words which may not be understood by the least sophisticated consumer. What is clear from the Kass Letters is the demand to pay certain amounts due by a specific date in order to reinstate Ms. Hayes's loan. That type of demand is debt collection activity subject to the FDCPA and the FCCPA.

Defendant Kass attempts to narrow the application of the FDCPA's prohibition of unfair practices in connection with debt collection found in 15 U.S.C. §1692f by focusing on 15 U.S.C. §

1692f(6). Motion at 9-10. However, the list of unfair or unconscionable means prohibited by 15 U.S.C. §1692f are not limited to the conduct described in this subsection (6). Section 1692f begins "Without limiting the general application of the foregoing…" and cannot be interpreted to limit the scope of the FDCPA's protections. *See* 15 U.S.C. §1692f. Kass's interpretation is contrary to the broad remedial purposes of the FDCPA.

Further, Kass attempts to expand the definition of "enforcement of a security interest to its efforts to collect monetary sums. Enforcement means "[t]he act of putting something such as a law into effect; the execution of a law; the carrying out of a mandate or command." *Owens v. Hellmuth & Johnson, P.L.L.C.*, 550 F.Supp. 2d 1060, 1066 (D. Minn. 2008)*, quoting* BLACK'S LAW DICTIONARY 528 (6th ed. 1990). As observed by the *Owens* Court, any step toward collecting on a secured debt **without efforts to dispossess the debtor of the secured property** can in no reasonable sense be considered enforcement of a security interest; rather, those actions concern only the separate underlying debt. *Id.; see also Sandlin*, 919 F.Supp. at 1567 (law firm was acting as debt collector and was subject to FDCPA for sending reinstatement and payoff letters related to a mortgage loan.) The expansion of "enforcement of a security interest" to encompass a demand for payment on a debt was rejected by the *Owens* Court. *Owens*, 550 F.Supp. 2d at 1066. Similarly, this Court should permit Ms. Hayes's case to move forward on the merits and deny the Motion to Dismiss.

Furthermore, under the facts of this case at this stage of the proceeding, Defendant Kass's argument that the one holding a security interest is considered a debt collector only for claims brought pursuant to §1692f(6) should be rejected. There are no allegations contained in the Complaint that would place Defendant Kass within that class of persons who use the interstate commerce for **the principal purpose** of enforcing security interests that is required to limit the application of the FDCPA related to foreclosure actions to only claims pursued under §1692f(6). *See*

18

15 U.S.C. §1692a(6). The cases cited by Defendant Kass in support of its argument are inapposite because each case involved the actual enforcement of a security interest. *Jordon v. Kent Recovery Services, Inc.*, 731 F.Supp. 652, 654 (D.Del. 1990) (vehicle repossession); *Beadle v. Haughey*, 2005 WL 30060, *4 (D.N.H. 2005) (enforcement of a nonjudicial foreclosure proceeding); *Hasbun, supra* (nonjudicial foreclosure sale). The Kass Letters are entirely different from the actions taken in these cases. Further, Ms. Hayes has alleged Defendant Kass regularly attempts to collect debts incurred for personal, family or household purposes from consumers on behalf of creditors. *Id*. ¶ 4. It is also alleged that Defendant Kass was attempting to collect money from her on a consumer debt. *Id.* ¶ 6, 14, 21. These allegations which support the assertion Defendant Kass is a debt collector under the FDCPA and FCCPA must be taken as true and all inferences drawn in favor of Ms. Hayes at this stage. *See Glover,* 459 F.3d at 1308. For this Court to adopt Defendant Kass's expansive interpretation of the phrase "enforcement of a security interest" based on the facts as alleged in the Complaint and the exhibits attached thereto would severely undercut the consumer protections found in the FDCPA and the FCCPA as well as stretch the plain meaning of these consumer protection statutes beyond any common sense interpretation. As a result, Defendant Kass's Motion should be denied.

## IV.   CONCLUSION

Based on the above law, argument and the facts as plead in the Complaint and the Exhibits attached thereto, Plaintiff Annie D. Hayes respectfully requests this Court deny the Defendant's Motion to Dismiss and permit this matter to proceed on the merits.

Respectfully submitted,

S/Helen H. Albee
Neil L. Henrichsen
Fla. Bar No. 0111503
Helen H. Albee
Fla. Bar No.: 987247
HENRICHSEN SIEGEL, P.L.L.C.
1648 Osceola St.
Jacksonville, FL 32204
(904) 381-8183
(904) 381-8191 (Facsimile)
Halbee@hslawyers.com

Lynn Drysdale
Fla. Bar No. 508489
Stephen F. Albee (admission applied for)
Fla. Bar No. 979686
JACKSONVILLE AREA LEGAL AID
126 W. Adams St.
Jacksonville, FL 32202
(904) 356-8371
(904) 224-1587 (Facsimile)
Lynn.drysdale@jaxlegalaid.org
steve.albee@jaxlegalaid.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT a true and correct copy of the foregoing has been furnished to the United States District Court, Middle District of Florida for filing by using the CM/ECF system on this 12th day of October, 2011. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Joseph T. Kissane, Esq.
Cole, Scott & Kissane, P.A.
4686 Sunbeam Rd
Jacksonville, FL  32257
Joe.kissane@csklegal.com

S/Helen H. Albee

20